IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01792-BNB

DANNY COOK,

     Plaintiff,

v.

DR. TIMOTHY CREANY,
C.O. KAYLA WILSON,
C.O. MICHAEL PASEWARK,
SGT. ROMY GRADISAR,
LT. JEFF HAWKINS, and
ANTHONY DeCESARO, Grievance Officer,

     Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

Plaintiff, Danny Cook, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  On July 8, 2013, Plaintiff, acting *pro se*, initiated this action by filing a Letter and $350.00 as payment of the filing fee.  Magistrate Judge Boyd N. Boland entered an Order to Cure Deficiencies on July 9, 2013, and directed Plaintiff to file his claims on a Court-approved form used in filing prisoner complaints and to pay the balance of the $400.00 filing fee.  Plaintiff has complied with the July 9 Order.

The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a

valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Complaint and the action will be drawn to a district judge and to a magistrate judge in part and dismissed in part pursuant to 28 U.S.C. § 1915A.

Plaintiff asserts that his First, Fourth, Fifth, Eighth, and Fourteenth Amendments rights have been violated because Defendants have been deliberately indifferent to his serious medical issues, lost his personal property, and retaliated against him for filing a grievance. Plaintiff seeks money damages.

Plaintiff's claim against Defendants Kayla Wilson and Michael Pasewark for the loss of his property fails for the following reasons. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the

2

grievance procedure provides a meaningful remedy. *See Parratt v. Taylor*, 451 U.S. 527, 539 (1981) (when impracticality of predeprivation hearing is apparent and there is a meaningful way to assess the propriety of the State's action after the initial taking due process is satisfied), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). If a state remedy exists, there is a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991). In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive and inadequate." *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (A plaintiff "must make some allegation showing [defendants] have *in* fact denied him an adequate state remedy.") Plaintiff does not assert that the DOC grievance procedure was unresponsive or inadequate. Therefore, Plaintiff's property claim lacks merit, and Defendants Kayla Wilson and Michael Pasewark will be dismissed as parties to this action.

Plaintiff's claim against Defendant Anthony DeCesaro, a grievance officer, fails because "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 F. App'x. 179, 193 (10th Cir. 2009) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted). Defendant DeCesaro therefore is an improper party to this action and will be dismissed. Accordingly, it is

3

ORDERED that Defendants Kayla Wilson, Michael Pasewark, and Anthony DeCesaro are dismissed with prejudice as improper parties to this action.  It is

FURTHER ORDERED that the Complaint and the remaining claims asserted against Defendants Dr. Timothy Creany, Sergeant Romy Gradisar, and Lieutenant Jeff Hawkins shall be drawn to a district judge pursuant to D.C.COLO.LCivR 40.1 and to a magistrate judge.

DATED at Denver, Colorado, this _28th_ day of __August__, 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court